THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINSVILLE DIVISION

UNITED STATES

Plaintiff,

Case No: 2:20-CR-053-01-RWS

v.

LOUIS BERIA

MOTION TO TERMINATE
SUPERVISED RELEASE

Defendant.

Louis Beria, defendant in the above-named case, seeks early termination of his three (3) year term of supervised release. For reasons stated below, defendant respectfully asks this Court to terminate his supervised release.

The defendant entered a plea of guilty to the above indictment and was sentenced on March, 9th, 2021 to fifty-one months in the custody of the Bureau of Prisons with 36 months of Supervised Release. The Defendant was released from BOP custody on April 4th, 2023 after successfully completing his term of incarceration having incurred no disciplinary issues. As of April 4th, 2025 he has completed two thirds of his supervised release.

Under Section 18 U.S.C. § 3583(e) a court retains the authority to later modify, reduce, or terminate the conditions previously imposed, after consideration of certain factors set forth in 18 U.S.C. § 3553(a). Section 3583(e)(l) provides that after the defendant has completed one

1

year of supervised, the district court may terminate thr remaining term of supervised release and discharge the defendant if "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." When considering a request for early termination of supervised release, the court must first consider: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; ( 4) the need to provide the defendant with education or vocational, medical care, or other treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victim of the offense. These factors are only a subset of the

§ 3553(a) factors considered at sentencing, because "Congress intended supervised release to assist individuals in their transition to community life," United States v. Johnson, 529 U.S. 53, 59 (2000). After considering these factors, the court may "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

While in custody at TDG TALLADEGA FCI, EDG EDGEFIELD FCI and Residential Re-entry Brooklyn (minimum security), The Defendant participated in numerous classes to better himself including:

- Studied for and passed the GED examination
- RDAP

2

- TDAT
- Inside Out Dad Parenting
- Mock Job Fair
- Financial Peace University Class
- Class of Stocks
- Transitional/Life Skills
- Anger Management
- Health and Wellness through the Lifespan
- Weight Management
- Cardio Training
- Recreation and Leisure

In addition, the Defendant led/conducted Spanish language classes while in custody.

Since being released from custody, The Defendant has complied with all of the conditions stated by U.S. Probation under the terms of Supervised Release. He obtained his GED Diploma from prison, in order to advance his education and to help him better understand how to manage himself in the future and further ready him for reentry.

While in custody, the First Step Act (FSA) Final Rule was published in the Federal Register. That rule provided that inmates could receive up to 15 days each month for successfully participating in productive activities. The Defendant did so and received the full complement of credits.

Since being released from custody, The Defendant has complied with all of the conditions stated by U.S. Probation under the terms of Supervised Release. He has had zero issue or incidents with his Probation Officer. The Defendant had his electronic device installed with monitoring software and never missed a monthly payment to the monitoring company.

The Defendant is now 68 years old. While in custody he suffered a stroke and from then on, he suffers from dizzy spells and in addition he has heart issues and recently had multiple invasive procedures done. He also suffers from two respiratory ailments (COPD and Asthma), limiting his activities and resulting in his full retirement. The defendant has never missed a payment towards his restitution and is committed to continuing to do so. The department of Justice has garnished his Social Security income in the amount of $343 monthly and the defendant pays an additional $500 monthly which amounts to around thirty seven percent of his total income. The defendant will make additional payments toward his restitution once his health improves and can find part time work.

The defendant now resides in New York and stays with his daughter. The defendant's relatives are residing in Venezuela and he would like to reconnect with them, more specifically, his estranged sister whom he has not heard from or her in many years.

The defendant consistent record of adhering to his release conditions over the years serves as one oh the strongest indicators of his ability to remain a law-abiding member of his community, supporting both deterrence and public protection. Additionally, the defendant has shown a strong commitment to personal growth and betterment.

4

Terminating supervised release early would provide the defendant with an opportunity to reintegrate into society more fully, allowing him to regain independence and pursue part-time employment or educational opportunities without the constraints of supervision. This early termination could also serve as a powerful incentive for continued positive behavior, reinforcing his commitment to personal growth and rehabilitation.

Based on these facts, the Defendant respectfully requests this Court to grant him early termination of his supervised release.

Respectfully submitted this 10th, day of April, 2025

_____
Defendant/Louis Beria
Pro Se

ORIGIN ID:FRGA (631) 740-1843
LOUIS BERIA
1072 WESTMINSTER AVE

DIX HILLS, NY 11746
UNITED STATES US

SHIP DATE: 10APR25
ACTWGT: 0.31 LB
CAD: 253421333/WSXI3600

BILL SENDER

TO  US DISTRICT COURT
    OFFICE OF THE CLERK
    121 SPRING ST SE
    201 US COURTHOUSE
    GAINESVILLE GA 30501
(631) 740-1843            REF:
INV:
PO:                       DEPT:

CLEARED SECURITY

APR 14 2025

U.S. MARSHALS SERVICE
Gainesville, GA

FedEx Express

SATURDAY 5:00P
** 2DAY **

TRK# 2874 0856 9348
0201

S0 TOCA          30501
                 GA-US  ATL

Envelope
Recycle me.

FedEx Saturday

437-1060SQ
637-1025

SDR